Dear Representative Hand:
This opinion letter is in response to your question asking:
 Does Section 301.227 RSMo. require that the insurer of a vehicle, deemed by them to be a "total loss", have to obtain the title to the vehicle from the insured, who elects to keep the vehicle, even though it is deemed by the insurer a "total loss" and procure a salvage title under this section of law before transferring the title back to the insured?
A copy of Section 301.227, RSMo 1986, is attached hereto as Appendix A.[1] This section concerns, "[w]henever a vehicle issold for salvage, dismantling or rebuilding . . . ." (Emphasis added.) Section 301.227.1.
In the situation about which you are concerned, the owner of a vehicle which has been deemed a "total loss" retains the vehicle. Rather than transferring ownership of the vehicle, which has been deemed a total loss, to the insurance company, the owner chooses to retain the vehicle and accepts as a settlement the amount owed by the insurance company less the salvage value. Because the owner has chosen to retain the vehicle, the amount paid by the insurance company to the owner is reduced by the salvage value.
The statute applies whenever a vehicle is "sold" for salvage, dismantling or rebuilding. The word "sell" has been defined by the Missouri courts as follows:
 The ordinary meaning of the word "sell" as stated in Webster's New International Dictionary, 2nd Ed., Unabridged, is: "To sell is to transfer to another for a price, usually to be paid in money." Dimick v. Noonan, 242 S.W.2d 599, 602 (Mo.App. 1951).
In the situation about which you are concerned, the vehicle has been retained by the owner. There is no transfer to another of the vehicle. The amount paid by the insurance company to the owner has simply been reduced by the salvage value. Since there is no transfer by the owner, the vehicle has not been "sold" and therefore such section does not require the insurance company to obtain the title to the vehicle from the insured.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
 APPENDIX A
 301.227*. Salvage certificate of title mandatory or optional, when — issuance, fee — junking certificate issued or rescinded, when. —
 1. Whenever a vehicle is sold for salvage, dismantling or rebuilding, the purchaser must forward to the director of revenue within ten days the certificate of ownership or salvage certificate of title and the proper application and fee of seven dollars and fifty cents, and the director shall issue a negotiable salvage certificate of title to the purchaser of the salvaged vehicle. On vehicles not more than seven years old, it shall be mandatory that the purchaser apply for a salvage title, but on vehicles over seven years old, application for a salvage title shall be optional on the part of the purchaser. Whenever a vehicle is sold for destruction and a salvage certificate of title, junking certificate, or certificate of ownership exists, the seller, if licensed under sections 301.217 to 301.221, shall forward the certificate to the director of revenue within ten days, with the notation of the date sold for destruction and the name of the purchaser clearly shown on the face of the certificate.
 2. Whenever a vehicle is sold for parts, scrapping, or junking, and not for rebuilding or reconstruction, the purchaser may forward to the director of revenue the salvage certificate of title or certificate of ownership and the director shall issue a negotiable junking certificate to the purchaser of the vehicle.
 3. Upon receipt of a properly completed application for a junking certificate, the director of revenue shall issue to the applicant a junking certificate which shall authorize the holder to possess, transport, or, by assignment, transfer ownership in such parts, scrap or junk, and a certificate of title shall not again be issued for such vehicle: except that, the initial purchaser shall within ninety days, be allowed to rescind his application for a junking certificate by surrendering the junking certificate and apply for a salvage certificate of title in his name. The seller of a vehicle for which a junking certificate has been applied for or issued shall disclose such fact in writing to any prospective buyers before sale of such vehicle, otherwise the sale shall be voidable at the option of the buyer.
 4. No scrap metal operator shall acquire or purchase a motor vehicle or parts thereof without, at the time of such acquisition, receiving the original certificate of title or salvage certificate of title or junking certificate from the seller of the vehicle or parts, unless the seller is a licensee under sections 301.219 to 301.221.
 5. All titles and certificates required to be received by scrap metal operators from nonlicensees shall be forwarded by the operator to the director of revenue within ten days of the receipt of the vehicle or parts.
 6. The scrap metal operator shall keep a record, for three years, of the seller's name and address, the salvage business license number of the licensee, date of purchase, and any vehicle or parts identification numbers open for inspection as provided in section 301.225.
 7. Notwithstanding any other provision of this section, a dealer as defined in section 301.250 and licensed under the provisions of section 301.253 may negotiate one reassignment of a salvage certificate of title on the back thereof.
 8. Notwithstanding the provisions of subsection 1 of this section, an insurance company which settles a claim for a stolen vehicle, as herein defined in this act,** shall be issued a negotiable salvage certificate of title without the payment of any fee upon proper application within thirty days after settlement of the claim for such stolen vehicle.
 (L. 1979 H.B. 78 § 9, A.L. 1983 H.B. 149, 286, 374, 401 
517, A.L. 1984 S.B. 648 Revision, H.B. 1045, A.L. 1986 H.B. 1367 1573)
* Both versions of this section as they appear in RSMo Supp. 1984 were repealed when this section was reenacted.
** "This act" contained 14 sections. Interested persons should see H.B. 1367 1573. 1986 Disposition of Sections Table.
[1] Section 301.227, RSMo 1986 was amended by Senate Committee Substitute for House Committee Substitute for House Bill No. 1581, 84th General Assembly, Second Regular Session (1988), effective July 1, 1989. We presume your question relates to Section 301.227, RSMo 1986.